UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DEMETRICK ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1227 |
| | ) | |
| SCOTT MOATS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff, proceeding pro se and previously incarcerated at FCI Pekin, brought the present lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging an Eighth Amendment claim for deliberate indifference to a serious medical need. The matter comes before the Court for ruling on Defendants' Motion to Dismiss for Failure to Prosecute pursuant to Fed. R. Civ. P. 41(b). (Doc. 26). Defendants ask the Court to dismiss this case for Plaintiff's alleged failures to update his address as required by the Court's Scheduling Order and to participate in discovery.

A court may issue sanctions when a "plaintiff fails to prosecute or comply with…a court order." Fed. R. Civ. P. 41(b). A dismissal under this rule is a severe sanction that requires a court to show "a record of delay, contumacious conduct, or that lesser sanctions proved unavailable, as well as prejudice that the delay caused the defendant." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020). Relevant factors include the frequency and magnitude of the alleged conduct, who is responsible for it, the effect on the court's calendar, prejudice to defendants resulting from the alleged conduct, the probable merits of the suit, and the consequence of dismissal. *Aura Lamp & Lighting Inc. v. Int'l. Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

The Court received Plaintiff's notice of change of address on September 5, 2023, four days after Defendants filed the present motion. (Doc. 28). If the Court assumes that Plaintiff included that notice in the same envelope as his motion for extension of time received the same day, Plaintiff sent the notice before Defendants filed their motion. *See* (Doc. 29-1) (envelope postmarked Aug. 31, 2023). The federal discovery rules also provide a better avenue to remedy Plaintiff's alleged failure to participate in the discovery process. Fed. R. Civ. P. 37(a)-(b), (d). The rules do not require Defendants to pursue that route as a prerequisite to seeking sanctions under Fed. R. Civ. P. 41, but its availability at the time Defendants filed their motion factor against dismissal as a sanction in this case. Plaintiff's failure to participate in discovery does not appear to have prevented Defendants from filing a timely motion for summary judgment. *See* (Doc. 35).

The Court finds that the record does not permit a finding that Plaintiff engaged in the type of conduct that warrants sanctions, and that lesser sanctions, had Defendants pursued them, were available to address the issues in this case.

**It is therefore ordered that Defendants' Motion to Dismiss [26] is DENIED.**

Entered this 4th day of December, 2023.


_____
*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE